UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TICORRAL S. TOLLIVER, ) | |
|           Plaintiff, ) | |
| v. ) | |
| ) | Case No. 11-2303 |
| PPG INDUSTRIES, INC., ) | |
|           Defendant. ) | |

## Report and Recommendation

In December 2011, Plaintiff Ticorral S. Tolliver, a pro se litigant, filed a complaint against her employer, Defendant PPG Industries, Inc. in the United States District Court for the Central District of Illinois (#1). Plaintiff makes two Title VII claims pursuant to 42 U.S.C. § 2000e, et seq, alleging that Defendant denied her requested vacation days on the basis of her gender and her race. Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Upon the filing of Plaintiff's complaint, Defendant filed Defedant PPG Industries, Inc.'s Motion to Dismiss (#10) pursuant to Rule 12(b)(6). In March 2012, Plaintiff filed Plaintiff Ticorral S. Tolliver's Response to Motion to Dismiss (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that PPG Industries, Inc.'s Motion to Dismiss **(#10)** be **GRANTED.**

### I. Background

The following recitation of facts is based on the allegations in Plaintiff Tolliver's complaint (#1-1). Plaintiff was employed by Defendant PPG Industries, Inc. in Mount Zion, Illinois until she was laid off in November 2010. Later, she received notice to return to work on January 3, 2011. On January 3, she submitted a request for vacation for January 10-16, 2011. Plaintiff alleges that the Defendant's policy is that the deadline to submit a request for vacation is Thursday at 8:00a.m. the week prior to the intended vacation. Since the data system for vacation requests was down, Plaintiff had to submit a handwritten request to human resources. She called

and left messages with Kim Blunt, a member of the Human Resources Department, to check the status of her request. Plaintiff heard back from Blunt, who reported that she did not receive Plaintiff's communications and that Brian Foster had not yet responded to the request. On January 5, Foster contacted Plaintiff to let her know that her vacation request had been denied for two reasons: she had given short notice, and Defendant needed Plaintiff in the office to train new employees that Defendant intended to hire over the next two or three weeks.

Plaintiff alleges that the Defendant's proffered reasons for denying the requested vacation time were pretextual, offered in order to cover up the fact that Defendant discriminated against Plaintiff in this instance on the basis of her gender and her race. In support of her claim, Plaintiff offers three arguments: (1) The vacation days she requested were prior to the weeks in which the new employees would receive their training, and, as such, her vacation would not interfere with her availability to assist with training; (2) Even if her vacation dates did conflict with the training schedule, her status in the company as a member of a Tier 1, Level IV Unit means that she would not have been responsible for the training of the new hires; and (3) There are other individuals, Clarence "Gene" Neeley and Terrence Bresnan, who are similarly situated employees who were given vacation time during the weeks in which the Defendant allegedly needed all available employees to be in the plant.

In response, Defendant has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (#10). In its motion, the Defendant claims that Plaintiff's complaint states no plausible claim for relief against it because denying an employee's requested vacation time is not an adverse employment action.

## II. Standard

Defendant's motion to dismiss seeks dismissal under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if Plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2

546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). District courts, however, are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Analysis

Defendant has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (#14). In its motion, Defendant maintains that Plaintiff fails to state a claim under Title VII because she has failed to allege any adverse employment action against her. Defendant cites several cases for the proposition that proof of an adverse employment action is an element of the prima facie case for both race and sex discrimination under Title VII. *Goetz v. City of Springfield*, 699 F.Supp.2d 1066, 1077 (C.D. Ill. 2010); *Coppage v. Ill. Bell Tel. Co.*, No. 08-1143, 2009 WL 3460457, *3 (C.D. Ill. Oct. 22, 2009). The Seventh Circuit has clarified that an adverse employment action consists of material changes to the terms and conditions of employment that are "more

3

disruptive than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

Plaintiff's alleged adverse employment action is that she was denied her requested vacation days. In response, the Defendant maintains that denial of a vacation request does not constitute an adverse employment action for Title VII purposes. Courts have consistently held that a single denial of a vacation request is not a material loss of benefits that would rise to the level of an adverse employment action. *Carr v. Ameritech* Corp., No. 99 C 8403, 2002 WL 472244, *6-7 (N.D. Ill. Mar. 27, 2002); *Wilkosz v. Hudson Respiratory Care, Inc.* No. 99 C 309, 2000 WL 1705252, *10 (N.D. Ill. Nov. 14, 2000). Furthermore, even where a plaintiff's denial of vacation days is part of a larger set of grievances, including denials of her requests to change days off work, shift hours, and comp time, the court found such decisions simply do not suffice to constitute an adverse employment action. *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004).

Viewing the record in the light most favorable to Plaintiff, the single instance of allegedly being denied vacation time is not enough to constitute an adverse employment action. Consequently, this Court concludes that Plaintiff has failed to allege a claim to which she is plausibly entitled to relief. Furthermore, although Plaintiff initially filed a charge with the Illinois Department of Human Rights for the same conduct that is the subject of her complaint (#1-1, pp. 4-5), she voluntarily dismissed her charge on September 16, 2011 (#1-1, pp. 2-3). As such, this Court's report and recommendation addresses Plaintiff's claim in its entirety.

### IV. Summary

For these reasons, this Court recommends that Defendant PPG Industries, Inc.'s Motion to Dismiss **(#10)** be **GRANTED** and that the case be terminated**.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.

See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTERED this 15th day of May, 2012.

                                                              s/ DAVID G. BERNTHAL
                                                              U.S. MAGISTRATE JUDGE